**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MIOMED ORTHOPAEDICS, INC. | ) | |
| | ) | FILED: SEPTEMBER 2, 2008 |
| Plaintiff, | ) | 08CV4985 |
| | ) | JUDGE ANDERSEN |
| v. | ) | MAGISTRATE JUDGE VALDEZ |
| | ) | CH |
| DJO, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

NO.

**DEFENDANT'S NOTICE OF REMOVAL OF ACTION**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1441(a) and 1446, the above captioned action is removed by Defendant DJO, LLC ("DJO"), from the Circuit Court of Cook County, Illinois, under Case No. 08 CH 26890, to the United States District Court for the Northern District of Illinois, by the filing of this Notice of Removal.  The grounds for removal are as follows:

1.    This action may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a) and § 1446.  There is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

2.    On July 24, 2008, Plaintiff filed an action in the Circuit Court of Cook County, Illinois, titled *MioMed Orthopaedics, Inc. v. DJO, LLC*, Case No. 08 CH 26890 (the "State Court Action"). Defendant was served with the Summons and Complaint in the State Court Action on August 11, 2008.  A copy of the Summons and Complaint filed by Plaintiff is attached as Exhibit 1.

3.      This Notice of Removal is being filed within 30 days after copies of the Summons and Complaint were served on Defendant.  A copy of the Notice of Filing of Notice of Removal, addressed to the Plaintiff and to the Clerk of the Circuit Court, Cook County, Illinois, will be filed in the State Court Action and forwarded to Plaintiff upon the filing of this Notice of Removal.

4.      The Complaint alleges that, Plaintiff is an Illinois corporation with its principal place of business in Chicago, Illinois. (Exhibit 1, ¶ 1).  Defendant, DJO, is a corporation incorporated in Delaware, with its principal place of business in California.  (Exhibit 1, ¶ 2). Thus, complete diversity of citizenship exists pursuant to 28 U.S.C. § 1332(a)(2).

5.      In its Complaint, Plaintiff requests Declaratory Judgment on an alleged "Letter of Intent" (Complaint Exhibit A) to Plaintiff from Defendant.  Plaintiff's Complaint demands a declaratory judgment on issues arising from an amount in controversy in the amount of $530,000 excluding interest and costs.  (Complaint Exhibit A)  "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advertising Commission*, 432 U.S. 333, 347 (1977).

6.      All that is required for removal is "reasonable probability" that more than $75,000 is in controversy.  See *Shaw v. Dow Brands*, 994 F.2d 364, 366 n.2 (7th Cir. 1993); *McNutt v. General Motors Acceptance Corp*. 298 U.S. 178 (1936).  The "very nature of the harm alleged in the case will usually make it simple for a judge to determine whether it is more likely true than not that the amount in controversy exceeds the jurisdictional requirement."  Committee Comment 2, Northern District of Illinois Local Rule LR81.2 (2005), Removals; Remands of Removals, citing *McCoy v. General Motors Corp*., 226 F. Supp. 2d 939 (N.D. Ill 2002)("it is

obvious from a common-sense reading of the complaint"). Removal is proper if the Defendant's estimate of the stakes is plausible. *Gallo v. Homelite Consumer Products*, 371 F.Supp.2d 943, 948 (N.D. Ill. 2005). Here, Plaintiff seeks declaratory relief on an alleged "Letter of Intent" and settlement agreement specifying $530,000 in severance payments with a non-competition agreement which amounts to a figure greater than $75,000 in controversy. Consequently, this action is removable to federal court because there is original jurisdiction under 28 U.S.C. § 1332(a).

7.    Accompanying this Notice of Removal are a Civil Cover Sheet and an Attorney Appearance form.

**WHEREFORE**, Defendant DJO, LLC, removes the State Court Action currently pending in the Circuit Court of Cook County, Illinois, Chancery Division, to the United States District Court for the Northern District of Illinois, and prays that this Court take jurisdiction of this civil action to the exclusion of any further proceedings in state court.

Dated: September 2, 2008

By: /s/ Blake T. Hannafan
One of the Attorneys for Defendant
DJO, LLC.

Michael T. Hannafan
Blake T. Hannafan
Eric J. Malnar
Hannafan & Hannafan, Ltd.
One East Wacker Drive, Suite 2800
Chicago, Illinois 60601
312-527-0055
312-527-0220 (fax)

08CV4985
JUDGE ANDERSEN
MAGISTRATE JUDGE VALDEZ
CH

# EXHIBIT 1

Aug-13-08   03:14pm   From-DJO LLC                    760-734-3566        T-327  P.002   F-041

2120 – Served                2121 – Served
2220 – Not Served            2221 – Not Served
2320 – Served By Mail        2321 – Served By Mail
2420 – Served By Publication 2421 – Served By Publication
SUMMONS                      ALIAS - SUMMONS        CCG N001-10M-1-07-05 (                    )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, ___CHANCERY___ DIVISION

(Name all parties)

MioMed Orthopaedics, Inc.

                                                    08CH26890

v.

DJO, LLC.                                           No. _____

SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room _802_____, Chicago, Illinois 60602

☐ District 2 - Skokie          ☐ District 3 - Rolling Meadows    ☐ District 4 - Maywood
   5600 Old Orchard Rd.           2121 Euclid                       1500 Maybrook Ave.
   Skokie, IL 60077               Rolling Meadows, IL 60008         Maywood, IL 60153

☐ District 5 - Bridgeview      ☐ District 6 - Markham            ☐ Child Support
   10220 S. 76th Ave.             16501 S. Kedzie Pkwy.             28 North Clark St., Room 200
   Bridgeview, IL 60455           Markham, IL 60426                 Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

JUL 24 2008

Atty. No.: _28107_                    WITNESS,_____

Name: Ron A. Cohen

Atty. for: _Plaintiff_                DOROTHY BROWN
                                      CLERK OF Circuit Court
Address: _30 N. LaSalle Street, Suite 3400_

City/State/Zip: _Chicago, IL 60603_   Date of service: _____
                                      (To be inserted by officer on copy left with defendant
Telephone: _312/ 346-1145_            or other person)

Service by Facsimile Transmission will be accepted at: _____

                                      (Area Code)  (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Page 2 of 18 RCVD 8/13/2008 3:29:59 PM [Pacific Daylight Time] On VISTAFAX2 To MVICKERS

PLEASE SERVE:

**DJO, LLC**
C/o  National Registered Agent, Inc.
~~208 S. LaSalle Street, Suite 1855~~   2OO W. ADAMS ST.
Chicago, IL 60604

Page 3 of 18 RCVD 8/13/2008 3:29:59 PM [Pacific Daylight Time] On VISTAFAX2 To MVICKERS

| 2120 – Served | 2121 – Served | |
|---|---|---|
| 2220 – Not Served | 2221 – Not Served | |
| 2320 – Served by Mail | 2321 – Served By Mail | |
| 2420 – Served By Publication | 2421 – Served By Publication | |
| SUMMONS | ALIAS – SUMMONS | CCG N001-10M-1-07-05 ( |

                              )

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____CHANCERY_____ DIVISION

(Name all parties)

MioMed Orthopaedics, Inc.

v.

DJO, LLC.

# 08CH26890

No. _____

## SUMMONS

To each Defendant:

   YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room _802_____, Chicago, Illinois 60602

☐ District 2 – Skokie          ☐ District 3 – Rolling Meadows       ☐ District 4 – Maywood
5600 Old Orchard Rd.          2121 Euclid                          1500 Maybrook Ave.
Skokie, IL 60077              Rolling Meadows, IL 60008            Maywood, IL 60153

☐ District 5 – Bridgeview      ☐ District 6 – Markham               ☐ Child Support
10220 S. 76th Ave.           16501 S. Kedzie Pkwy.                28 North Clark St., Room 200
Bridgeview, IL 60455         Markham, IL 60426                    Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

   This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: _28107_                          WITNESS, JUL 24 2008 _____,

Name: Ron A. Cohen                                    DOROTHY BROWN
                                                  CLERK OF CIRCUIT COURT
Atty. for: Plaintiff
                                                        Clerk of Court
Address: 30 N. LaSalle Street, Suite 3400
                                            Date of service: _____,
City/State/Zip: Chicago, IL 60603                    (To be inserted by officer on copy left with defendant
                                                           or other person)
Telephone: 312/ 346-1145

Service by Facsimile Transmission will be accepted at: _____
                                                       (Area Code)    (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Page 5 of 18 RCVD 8/13/2008 3:29:59 PM [Pacific Daylight Time] On VISTAFAX2 To MVICKERS

PLEASE SERVE:

**DJO, LLC**
C/o National Registered Agent, Inc.
~~208 S. LaSalle Street, Suite 1855~~  200 W. ADAMS ST.
Chicago, IL 60604

Aug-13-08    03:15pm    From-DJO LLC                        760-734-3566              T-327    P.006/018    F-041



# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| MioMed Orthopaedics, Inc. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| DJO, LLC, | ) | **08CH26890** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES the Plaintiff, MioMed Orthopaedics, Inc., ("MioMed"), by and through its attorney, Ron A. Cohen, and for its Complaint for Declaratory Judgment pursuant to 735 ILCS § 5/2-701 against Defendant, DJO, LLC, ("DJO"), states as follows:

1.     MioMed is an Illinois corporation with its principal place of business located in Chicago, Illinois.  MioMed is in the business of selling and renting medical and physical therapy-related products and supplies, including durable medical equipment, prosthetics, orthotics, medical devices, surgical instruments, surgical implant and operating room equipment supplies.

2.     DJO is a Delaware Limited Liability Company with its principal place of business in California.  DJO is in the business of manufacturing orthotics and orthopaedic devices.

3.     This Court has jurisdiction over this matter because the Letter of Intent (as hereinafter defined) is substantially connected with the State of Illinois.

4.     On June 19, 2008, DJO offered and on June 20, 2008, MioMed agreed in principal to a termination agreement (the "Letter of Intent") regarding the relationship between the two companies.  A true and correct copy of the "Letter of Intent" is attached hereto as Exhibit A, and a true and accurate copy of MioMed's agreement thereto is attached hereto as Exhibit B.

1

5.     At the time the parties entered into the Letter of Intent, there was a dispute as to the termination of the relationship between the parties and the rights and obligations owed by the parties.

6.     On June 25, 2008, DJO issued what it termed as a Settlement Agreement, to be signed by MioMed.  A true and accurate copy of this written "Settlement Agreement" is attached hereto as Exhibit C.

7.     The terms of the "Settlement Agreement" differ materially from the terms agreed to in the Letter of Intent and demonstrates a disparate interpretation by the parties of the issues agreed to in the Letter of Intent.

8.     The parties' disparate interpretations of their rights and obligations under the Letter of Intent constitutes a concrete dispute warranting an immediate and definitive determination of the parties' rights and obligations.  A declaratory judgment would fully adjudicate the parties' rights with respect to the matters herein.

**WHEREFORE**, Plaintiff, MioMed Orthopaedics, Inc., respectfully requests that this Court enter an Order:

A.     Declaring the rights of the parties in and to that document marked as Exhibit A.

B.     Granting such other relief as this Court deems just and proper.

Respectfully submitted,

By: _____
One of Plaintiff's attorneys

Ron A. Cohen
30 N. LaSalle Street Suite 3400
Chicago, IL 60602
312/ 346-1145

2

Aug-13-08    03:15pm    From-DJO LLC                    760-734-3566        T-327    P.008/018    F-041



**NEVER STOP GETTING BETTER**

June 19, 2008

*Via E-mail (msorensen@miomed.com)*

Mr. Mark Sorensen
MioMed Orthopaedics, Inc.
2506 N. Clark, Box #290
Chicago, IL 60614

Re:    MioMed Orthopaedics, Inc. ("MioMed")

Dear Mr. Sorensen:

As you know, DJO severed its distributor relationship with MioMed effective June 6, 2008. We continue to believe that DJO has honored all of its obligations to MioMed and has no contractual duty to pay MioMed an early termination fee.

However, in order to settle all differences between MioMed and DJO, DJO is prepared to offer MioMed a final severance payment in the amount of $530,000, which would be paid out evenly over an eight (8) month period with the first payment made in July 2008, in consideration of the following agreements:

1.    MioMed and Mark Sorensen would agree not to sell, distribute, market or represent products that compete with DJO products for eight (8) months;

2.    MioMed would waive any non-compete covenants for any person who was employed by or worked for MioMed in the past calendar year and who may choose to join the successor distributor or come to work for DJO. These persons would include, without limitation, the following:

Andy Reichert
Charles Earnest
Curtis Gemmel
Kraig Stinebower
Kristen Nichole Benson
Laurie Dispensa

Lou E. Foytik
Marageret Yocum
Matthew St. John
Michael Wegmann
Noah Ruden
Ryan Karnykowski
Scott Lichtman

DJO, LLC
1430 Decision Street
Vista, CA 92081-8553

760.727.1280
800.321.9549 toll free
www.djortho.com

EXHIBIT
A

Page 8 of 18 RCVD 8/13/2008 3:29:59 PM [Pacific Daylight Time] On VISTAFAX2 To MVICKERS



NEVER STOP GETTING BETTER

       3.    MioMed and DJO would sign a mutual general release of any claims relating to their distributor relationship, and the release would include a non-disparagement provision;

       4.    DJO would pay MioMed commissions earned through the June 6, 2008 termination date; and

       5.    The amount of the final severance payment described in the second paragraph of this letter would also cover the reimbursements claimed to be due MioMed (i.e., reimbursements for lock-up storage ($1,378.93); University of Chicago ($1,200.00); Loyola Grant Deductions ($833.32); AAOS Customer Reception ($350.00)). There would be no additional payment made by DJO to MioMed for these claimed reimbursements.

       Finally, your counsel's May 14, 2008 letter infers that MioMed is entitled to compensation under what is referred to in that letter as the "Reable Equity Plan". There is no such plan in existence. While DJO has granted stock options under a different plan to some distributors on a discretionary basis, MioMed was not included in such stock option grant.

       Please indicate your agreement to the foregoing by signing this letter below and returning a signed copy via facsimile to me at (760) 597-8479 before 5:00 p.m. Pacific time tomorrow, Friday, June 20, 2008. If we do not receive your signed copy of this letter via facsimile by this time and date, DJO will cease to consider this offer and no severance payment will be made to MioMed.

       Very truly yours,
       DJO, LLC


       Steve Ingel
       Senior Vice President, Bracing & Supports
       Donjoy, AirCast & ProCare Brands

**ACCEPTED AND AGREED:**

MIOMED ORTHOPAEDICS, INC.


By: _____
    Mark Sorensen

Title: _____

DJO, LLC
1430 Decision Street
Vista, CA 92081-8553

760.727.1280
800.321.9549 toll free
www.djortho.com

Aug-13-08   03:16pm   From-DJO LLC                    760-734-3566        T-327  P.010/018  F-041

----Original Message----
From: tgamache@slavinandslavin.com <tgamache@slavinandslavin.com>
To: Roberts, Don; Mark Sorensen <msorensen@miomed.com>; Ron Cohen <rac@kusperraucci.com>
Sent: Fri Jun 20 17:02:13 2008
Subject: Re: MioMed Orthopaedics, Inc.


Miomed will accept the terms of the most recent letter in principle.


Sent via BlackBerry from T-Mobile

----Original Message----
From: "Roberts, Don" <Don.Roberts@djoglobal.com>

Date: Fri, 20 Jun 2008 16:08:31
To:<TGamache@slavinandslavin.com>
Cc:"Ingel, Steve" <Steve.Ingel@djoglobal.com>,"Clark, Jeff \(Legal\)" <Jeff.Clark@djoglobal.com>
Subject: Re: MioMed Orthopaedics, Inc.


Dear Mr. Garnache -

 We have gone as far as we can in offering a package to your client that will satisfy the needs of both parties in this situation.
We have made this clear to Mr. Sorensen.  Your counter offer is not acceptable.  If your client is prepared to agree to the
terms of Mr. Ingel's letter by 5 pm PDT, we will go forward on the terms of that letter.  If not, then we will proceed without a
settlement.  I hope Mr. Sorensen chooses to accept the terms of Mr. Ingel's letter.

 Very truly yours,

 Don Roberts
 ----------------
 Sent from my BlackBerry Wireless Handheld

EXHIBIT
B

# SETTLEMENT AGREEMENT

This SETTLEMENT AGREEMENT ("Agreement") is made by and between MioMed Orthopaedics, Inc., a corporation organized under the laws of the State of Illinois, having its principal place of business at 2505 N. Clark, Box #290, Chicago, Illinois 60614 ("MioMed"), and Mark Sorensen ("Sorensen"), on the one hand, and DJO, LLC, a limited liability company organized under the laws of the State of Delaware, having its principal place of business at 1430 Decision Street, Vista, California, 92081 ("DJO"), on the other hand, and is effective as of the 26th day of June, 2008 (the "Effective Date"). MioMed, Sorensen and DJO are each referred to herein as such or, individually, as a "Party" or, collectively, as the "Parties." MioMed and Sorensen are collectively referred to herein in the conjunctive as "MioMed/Sorensen".

## RECITALS

A.    DJO (formerly known as DJO Orthopedics, LLC) and MioMed (formerly known or referred to as MioMed Inc.) entered into a Distributor Agreement, dated April 1, 2002 (the "Initial Agreement"), as amended by an Amendment to Distributor Agreement, dated April 1, 2003, and as further amended by a Second Amendment to Distributor Agreement, dated August 1, 2007 (as the same may have been further amended, the "Distributor Agreement"). Sorensen is the sole shareholder and President of MioMed;

B.    Under the terms of the Distributor Agreement, DJO appointed MioMed as a distributor of those DJO products identified in Appendix 1 to the Initial Agreement (the "DJO Products");

C.    Pursuant to a letter dated May 5, 2008, DJO severed its distributor relationship with MioMed effective as of June 6, 2008;

D.    MioMed claims, and DJO disputes, among other things that (i) MioMed is entitled to an early termination fee under Section 10.4 of the Agreement, (ii) DJO breached the non-solicitation provision contained in Article XIX of the Agreement, (iii) the term of the Initial Agreement was renewed, impliedly or by oral agreement, for an additional four year period beyond its March 31, 2006 expiration date, (iv) DJO breached its duty to MioMed to negotiate in good faith a renewal of the original four year term of the Initial Agreement, and (v) MioMed is entitled to receive certain stock options which DJO granted to various of its other distributors; and

E.    MioMed and Sorensen, on the one hand, and DJO, on the other hand, desire to settle and resolve all differences and disputes that exist or may exist between them, all on the terms and conditions outlined below.

NOW, THEREFORE, in consideration of the promises and mutual covenants herein below, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

## AGREEMENT

1.    Termination of Relationship.    The Parties acknowledge and agree the distributor relationship between MioMed and DJO was terminated effective as of June 6, 2008, and the

EXHIBIT
C

Page 12 of 18 RCVD 8/13/2008 3:29:59 PM [Pacific Daylight Time] On VISTAFAX2 To MVICKERS

term of the Distributor Agreement has also expired and/or been terminated on or before said date.

2.　Consideration.

2.1　In consideration of the covenants and release of claims herein, DJO agrees to pay MioMed the sum of $530,000 minus $3,522.93 for accounts receivable owed to DJO by MioMed as of June 23, 2008, for a net payment to MioMed of $526,477.07 (the "Settlement Payment"). The Settlement Payment shall be paid in eight (8) equal consecutive monthly installments, with the first installment due thirty (30) days from the Effective Date of this Agreement. [Note: The actual amount of A/R owed by MioMed to DJO as shown above, will be brought current as of the date of execution of this Settlement Agreement and the Settlement Payment above will be adjusted accordingly.]

2.2　MioMed asserts that it is due certain reimbursements from DJO (e.g., reimbursements for lock-up storage, University of Chicago related expenses, Loyola grant deductions, AAOS customer reception expense, etc.). The Parties agree that the Settlement Payment shall be deemed to cover any and all such reimbursements which may be owed by DJO to MioMed.

2.3　In addition to the Settlement Payment, DJO agrees promptly to pay MioMed all commissions earned through June 6, 2008.

3.　Noncompete. Each of MioMed and Sorensen agree, in consideration of the Settlement Payment, covenants and releases given hereunder by DJO, that each of them will not for a period of eight (8) months from the Effective Date of this Agreement anywhere in the world (including in each county in which MioMed was appointed as a distributor under the Distributor Agreement) (i) directly or indirectly sell, distribute, market or represent products that compete with the DJO Products or (ii) engage in any business, whether as a principal or for its/his own account or jointly with others, or as a stockholder, lender, director, employee, officer, consultant, agent, partner, member or investor, that directly or indirectly sells, distributes, markets, or represents products that compete with the DJO Products.

4.　Waiver of Noncompete Covenants. MioMed and Sorensen hereby irrevocably waive, release and discharge any and all non-compete covenants and other similar restrictions pertaining to the employees, sales representatives and independent contractors who were employed by, or worked for, MioMed or Mark Sorensen during the one (1) year period preceding the Effective Date and who may elect to come to work for DJO as an employee or independent contractor or for any distributor of DJO (collectively, the "Released Persons"). The Released Persons shall include, without limitation, the following:

Andy Reichert　　　　　Lou E. Foytik
Charles Earnest　　　　 Marageret Yocum
Curtis Gemmel　　　　　 Matthew St. John
Kraig Stinebower　　　　Michael Wegmann
Kristen Nichole Benson　Noah Ruden
Laurie Dispensa　　　　 Ryan Kamykowski
　　　　　　　　　　　　　Scott Lichtman

Upon written request by DJO, MioMed and Sorensen agree to provide any of the Released Persons specified by DJO with a letter in the form of Exhibit A attached hereto which

-2-

provides notice of the waiver, release and discharge of any and all non-compete covenants and other similar restrictions pertaining to the Released Person described in this Section 4.

5.     Release of Claims.  Except with respect to the obligations created by or arising out of this Agreement or specifically referred to herein, MioMed and Sorensen, on the one hand, and DJO, on the other hand, hereby release and absolutely discharge the other and the other's respective legal successors, heirs, assigns, directors, members and officers, of and from any and all claims, demands, damages, debts, liabilities, accounts, obligations, costs, expenses, liens, attorneys' fees, actions, and causes of action of every kind and nature whatever, whether now known or unknown, suspected or unsuspected, which such Party, now has, owns, or holds, or at any time previously ever had, owned, or held, or could, shall, or may hereafter have, own, or hold based upon or arising out of any matter, cause, fact, thing, act, event, or omission relating in any way to the distributor relationship between DJO and MioMed, the Distributor Agreement, or the termination thereof (the matters described in this Section, the "Released Matters").

6.     Non-disparagement.  For a period of eight months from the Effective Date, MioMed and Sorensen, on the one hand, and DJO, on the other hand, agree that neither of them will disparage or make negative statements (or induce or encourage others to disparage or make negative statements) about the other and, with respect to MioMed and Sorensen, any distributor of DJO.

7.     Accord and Satisfaction.  It is the intention of the Parties in executing this Agreement that this Agreement shall be effective as a full and final accord and satisfaction and mutual release of and from the Released Matters, except only as otherwise expressly provided in this Agreement.  In furtherance of this intention, each Party acknowledges that it has been informed by its attorneys of the provisions of Section 1542 of the California Civil Code, and each Party does hereby expressly waive and relinquish all rights and benefits it/he has or may ever have had under that section, which provides as follows:

> **"A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."**

or any other similar provision, section or otherwise under Illinois law or other applicable law.

8.     Fees and Expenses.  Each Party shall be responsible for its own fees and expenses (including legal fees) incurred in the negotiation, preparation, and execution of this Agreement.

9.     No Admission of Liability.  Both Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims.  No action taken by the Parties hereto, or any of them, either previously or in connection with this Agreement, shall be deemed or construed to be (a) an admission of the truth or falsity of any claims heretofore made or (b) an acknowledgment or admission by any Party of any fault or liability whatsoever to the other.  This Agreement is entered into solely in settlement of such claims and to avoid the disruption, hazards, and expense of protracted litigation or arbitration.

10.     Confidentiality.  The Parties agree to use their best efforts to maintain the contents and terms of this Agreement and the consideration for this Agreement (hereinafter

collectively referred to as "Settlement Information"); provided, that the Parties hereto may disclose Settlement Information to those employees, officers, directors, attorneys, accountants, distributors of DJO, and governmental entities who have a reasonable need to know of such Settlement Information, including any disclosure by virtue of a formal subpoena to any Party, or as otherwise required by applicable law.

11.    Representations and Warranties.  MioMed/Sorensen and DJO each represent and warrant to the other that (i) it/he is the sole and lawful owner of all rights, title, and interest in and to all matters, claims and demands it/he may have against the other and which it/he is releasing under this Agreement; (ii) it/he has the legal power, authority and right to enter into this Agreement; (iii) it/he does not require the consent or approval of any other person or entity in order to make this Agreement a binding and enforceable obligation on its/his part; and (iv) it is not in violation of any of its articles or certificates of incorporation or by-laws, (v) it/he has not assigned or otherwise transferred any of its/his interests to any matter, claim, or demand which it/he may have against the other Party and which it/he is releasing under this Agreement.

12.    No Representations.  Each of the Parties to this Agreement represents that it/he has had the opportunity to consult with an attorney, and has carefully read and understands the scope and effect of the provisions of this Agreement.  No Party has relied upon any representations or statements made by any other Party hereto which are not specifically set forth in this Agreement.

13.    Voluntary Execution of Agreement.  This Agreement is executed voluntarily and without any duress or undue influence on the part or behalf of the Parties hereto, with the full intent of releasing all claims.  Each Party acknowledges that: (a) it/he has read this Agreement; (b) it/he has been represented in the preparation, negotiation, and execution of this Agreement by legal counsel of its/his own choice or that it/he has voluntarily declined to seek such counsel; (c) it/he understands the terms and consequences of this Agreement and of the releases it contains; and (d) it/he is fully aware of the legal and binding effect of this Agreement.

14.    Arbitration.  In the event that the Parties are unable to resolve any dispute between them arising out of this Agreement, then any Party may initiate arbitration.  Any arbitration under this Section 14 shall be conducted by Judicial Arbitration and Mediation Services in accordance with the applicable JAMS rules by a single arbitrator and the decision of the arbitrator shall be final and binding upon the Parties.  The costs of such arbitration shall be shared equally by MioMed/Sorensen, on the one hand, and DJO, on the other hand, and each Party shall bear its own expenses in connection with the arbitration.  The parties shall use good faith efforts to complete arbitration under this Section within sixty (60) days following the initiation of such arbitration.  The arbitrator shall establish reasonable additional procedures to facilitate and complete such arbitration within such sixty (60) day period.  Nothing in this Agreement shall limit the right of any Party to seek to obtain in any court of competent jurisdiction any equitable or interim relief or provisional remedy, including injunctive relief.

15.    Governing Law.  This Agreement and any dispute, controversy or claim arising under, out of or in connection with the performance or breach of this Agreement shall be governed by and construed and enforced in accordance with the laws of the State of Illinois, without reference to it conflicts of laws principles.

16.    Assignment.  Neither Party shall assign any of its rights or delegate any of its obligations under this Agreement without the prior written consent of the other Party; any

-4-

Page 14 of 18 RCVD 8/13/2008 3:29:59 PM [Pacific Daylight Time] On VISTAFAX2 To MVICKERS

Aug-13-08    03:16pm    From-DJO LLC                    760-734-3566              T-327   P.015/018   F-041

attempt to do so in violation of this Section 16 shall be void. Notwithstanding the foregoing, the releases set forth herein shall extend to, and be for the benefit of, (i) any successor of any Party, or (ii) any acquirer of all or substantially all of the assets of any business unit of MioMed or DJO. The Released Persons shall be deemed third party beneficiaries under this Agreement and entitled to enforce Section 4 of this Agreement against MioMed/Sorensen as though such Released Persons were parties to this Agreement.

17.    Notices.  All notices, requests and communications hereunder shall be in writing and shall be personally delivered or sent by facsimile transmission (in either case confirmed by prepaid registered or certified mail, return receipt requested or by international express delivery service) (e.g., Federal Express), mailed by registered or certified mail (return receipt requested), postage prepaid, or sent by international express courier service, and shall be deemed to have been properly served to the addressee upon receipt of such written communication, to following addresses of the Parties, or such other address as may be specified in writing to the other Parties:

**If to DJO,**

addressed to:    DJO, LLC
1430 Decision Street
Vista, CA 92081
Attention: General Counsel
Telephone: (760) 734-5644
Facsimile: (760) 734-3566

**If to MioMed,**

addressed to:    MioMed Orthopaedics, Inc.
2506 N. Clark, Box #290
Chicago, IL 60614
Attention: Mark Sorensen
Telephone:_____
Facsimile:_____

with a copy to:    Thomas Gamache, Esq.
Slavin & Slavin
20 South Clark Street, Suite 510
Chicago, IL 60603
Telephone:  (312) 782-7848
Facsimile:  (312) 782-8272

**If to Sorensen,**

addressed to:    Mark Sorensen
2506 N. Clark, Box #290
Chicago, IL 60614
Telephone:_____
Facsimile:_____

-5-

Page 15 of 18 RCVD 8/13/2008 3:29:59 PM [Pacific Daylight Time] On VISTAFAX2 To MVICKERS

Page 16 of 18 RCVD 8/13/2008 3:29:59 PM [Pacific Daylight Time] On VISTAFAX2 To MVICKERS

**with a copy to:**　　Thomas Gamache, Esq.
Slavin & Slavin
20 South Clark Street, Suite 510
Chicago, IL 60603
Telephone: (312) 782-7848
Facsimile: (312) 782-8272

　18.　　Waiver.　No Party may waive or release any of its rights or interests in this Agreement except in writing. The failure of a Party to assert a right hereunder or to insist upon compliance with any term or condition of this Agreement shall not constitute a waiver of that right or excuse a similar subsequent failure to perform any such term or condition. No waiver by a Party of any condition or term in any one or more instances shall be construed as a continuing waiver of such condition or term or of another condition or term.

　19.　　Severability.

　　19.1　If any provision hereof should be held invalid, illegal or unenforceable in any jurisdiction, the Parties shall negotiate in good faith a valid, legal and enforceable substitute provision that most nearly reflects the original intent of the Parties and all other provisions hereof shall remain in full force and effect in such jurisdiction and shall be liberally construed in order to carry out the intentions of the Parties as nearly as may be possible. Such invalidity, illegality or unenforceability shall not affect the validity, legality or enforceability of such provision in any other jurisdiction.

　　19.2　Each of MioMed and Sorensen agree and acknowledge that the restrictions contained in Section 3 are fair and reasonable in scope and duration. If any such provision of Section 3 is held to be unenforceable because of the duration of such provision or the area covered thereby, the parties agree that the court or arbitrator making such determination shall have the power to reduce the duration and/or area of such provision, and/or to delete specific words or phrases, and in its reduced form, such provision shall then be enforceable and shall be enforced. Each of MioMed and Sorensen agree and acknowledge that the breach of Section 3 will cause irreparable damage to DJO and upon breach of any provision of Section 3, DJO shall be entitled to injunctive relief, specific performance or other equitable relief upon a showing of such breach; provided, however, that the foregoing remedies shall in no way limit any other remedies which DJO may have (including, without limitation, the right to monetary damages).

　20.　　Interpretation.　This Agreement and its final reduction to written form is the result of negotiation and the joint participation of the Parties and their legal counsel. If any ambiguity exists in the terms of this Agreement, such ambiguity shall not be construed against any Party as the draftsman, but this Agreement shall be construed in accordance with its fair meaning. The Section headings are intended for the sole convenience of the Parties and not for the purpose of interpreting this Agreement.

　21.　　Entire Agreement; Modification.　This Agreement sets forth all the covenants, promises, agreements, warranties, representations, conditions and understandings between the Parties with respect to the subject matter hereof and supersedes and terminates all prior agreements and understandings between the Parties. No modification to this Agreement shall be enforceable except if in a writing referencing this Agreement and signed by an authorized representative of the Party against whom it will be enforced.

-6-

22.   Counterparts.  This Agreement may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the Parties have executed this Agreement effective as of the Effective Date.

DJO, LLC                                           MIOMED ORTHOPAEDICS, INC.

By: _____                       By: _____
    Donald M. Roberts, Executive                        Mark Sorensen, President
    Vice President & General Counsel


                                                   _____

                                                   Mark Sorensen

Page 17 of 18 RCVD 8/13/2008 3:29:59 PM [Pacific Daylight Time] On VISTAFAX2 To MVICKERS

Aug-13-08    03:17pm    From-DJO LLC                    760-734-3566        T-327   P.018/018   F-041

Page 18 of 18 RCVD 8/13/2008 3:29:59 PM [Pacific Daylight Time] On VISTAFAX2 To MVICKERS

**EXHIBIT A**
**TO**
**SETTLEMENT AGREEMENT**

MIOMED ORTHOPAEDICS, INC
2506 N. Clark, Box #290
Chicago, Illinois 60614

[DATE]

[insert name of Released Person]
[insert address of Released Person]

Re:    Notice of Release of Your Noncompetition Restriction
       by MioMed Orthopaedics, Inc. ("MioMed")

Dear [insert name of Released Person]:

    This letter serves as formal notice to you that MioMed hereby irrevocably releases, discharges and waives any and all non-compete covenants and other similar restrictions that may prohibit you from working for DJO, LLC as an employee or independent contractor or for any distributor of DJO, LLC.

                              Very truly yours,
                              MIOMED ORTHOPAEDICS, INC.

                              By:_____
                                 Mark Sorensen, President

cc:    DJO, LLC
       1430 Decision Street
       Vista, CA 92081
       Attention: General Counsel
       Facsimile: (760) 734-3566

-8-